# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION,<br><br>                    Plaintiff,<br><br>       v.<br><br>HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO DRUGS LIMITED, HETERO USA, INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, EUGIA PHARMA SPECIALTIES LIMITED, APOTEX INC., APOTEX CORP., MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V., BRECKENRIDGE PHARMACEUTICAL, INC., and TEVA PHARMACEUTICALS USA, INC.,<br><br>                    Defendants. | Civil Action No. 17-3387 (ES)(MAH)<br><br>Hon. Esther Salas, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>**HIGHLY CONFIDENTIAL** |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' INVALIDITY CONTENTIONS WITH RESPECT TO U.S. PATENT NO. 9,993,467**

At a minimum, however, the unexpected stability of the formulations claimed by the '467 patent, along with failure of others and Defendants' copying of the formulations claimed by the '467 patent, would rebut any *prima facie* case of obviousness, and support the validity of the asserted claims of the '467 patent.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████

During development of the formulations embodied by the claims of the '467 patent, stability tests were performed on numerous formulations containing a variety of excipients. *See, e.g.*, 2/20/18 Tutino Declaration at ¶ 6. It was unexpectedly found that compatibility issues existed in all of the tested formulations, *except* the formulations containing both mannitol and starch in the ratios claimed by the '467 patent. *See id.* at ¶ 7; *see also* 6/14/13 Tutino Declaration at ¶ 10. Moreover, six additional formulations containing pomalidomide, starch, and mannitol "within the claimed range wherein the ratio of mannitol to starch is from about 1:1 to about 1:1.5" unexpectedly "were stable with no increase in impurities for the duration of the study." 2/20/18 Tutino Declaration at ¶ 9. A POSA would not have expected the stability of the claimed formulations. *Id.*

The totality of the data, including both Tutino Declarations and the patent specification, establish that the novel formulations claimed in the '467 patent led to unexpectedly stable formulations. Nothing in the prior art would have led a POSA to expect any of these results.

Citing to the file history of the '467 patent, Defendants contend that Celgene and Dr. Tutino relied on "conjecture" to suggest that the formulation disclosed in the '791 publication would not be stable, and did not perform "actual testing on the formulations in the prior art." IC at 90. However, Dr. Tutino noted that the formulation described in the '791 publication was prophetic, and supported his statement that, "even if actually made, [it] would not possess the advantageous stability profile possessed by the currently claimed dosage forms" by showing evidence that a formulation similar to that disclosed in the '791 publication did not exhibit an advantageous stability profile. *See* 6/4/13 Tutino Dec. at ¶¶ 10-11.

Defendants also contend that, by providing "test results for only six formulations," Celgene and Dr. Tutino "did not provide sufficient testing results to show that all compositions falling within the claimed formulations possessed any unexpected stability properties." IC at 90. Defendants' position lacks merit. As an initial matter, there is no requirement that a patentee must show data for "*all* compositions" falling within a claimed range, as Defendants assert. And Defendants have provided no evidence to show the opposite.

Defendants next assert that Celgene and Dr. Tutino failed to "provide sufficient testing of formulations outside the claimed formulations ... showing a lack of stability." IC at 90. Defendants ignore that Dr. Tutino tested numerous formulations falling outside the claims of the '467 patent. *See* 2/20/18 Tutino Declaration at ¶ 6. Only the claimed formulations proved to be stable. *See id.* at ¶ 7. And Defendants have provided no evidence to show the opposite.

**HIGHLY CONFIDENTIAL**