# EXHIBIT 19

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELGENE CORP.**, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>**PAR PHARMACEUTICAL, INC., et al.**, <br><br>　　　　　　Defendants. | Civil Action No. 17-3159 (ES) (MAH) <br><br><br> **ORDER** <br> **(Filed Under Seal)**[1] |

| | |
|---|---|
| **CELGENE CORP.**, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>**HETERO LABS LIMITED, et al.**, <br><br>　　　　　　Defendants. | Civil Action No. 17-3387 (ES) (MAH) <br><br><br> **ORDER** <br> **(Filed Under Seal)** |

　　　　This matter having come before the Court by way of parties' joint status report [D.E. 169] in which Defendants request leave to file an early motion for summary judgment for non-infringement of U.S. Patent No. 8,828,427 B2 ("the '427 patent")[2];

---

[1] Parties filed their joint status report under seal. *See* D.E. 169. Accordingly, the Court has filed this Order under seal to afford the parties an opportunity to review and propose any redactions herein. Any motion to seal any part of this Order shall be filed by **July 3, 2018.** If no party moves to seal by July 3, 2018, the Order will be completely unsealed.

[2] Defendants argue that the Court should grant them leave to file an early motion for summary judgment for non-infringement of the '427 patent because Defendants have designed around the

and it appearing that there remain genuine issues of material fact in dispute[3];

and it further appearing that parties have not yet engaged in claim construction;

and the Court noting that summary judgment requires significant court attention, especially, in a patent infringement case in which parties will likely seek summary judgment on other issues;

and the Court therefore finding that Defendants' request is premature and would not be in the best interest of judicial economy[4];

---

'427 patent, and because Plaintiff Celgene concedes there is no literal infringement and further is estopped from asserting infringement under the doctrine of equivalents. Defendants contend that Celgene is estopped from arguing infringement first because Celgene "narrowed its claims during prosecution to avoid the prior art," constituting "amendment-based estoppel." Second, Defendants contend that Celgene "made clear and unmistakable arguments" surrendering the scope of their claim beyond the specific capsules claims in the '427 patent, constituting "argument-based estoppel." *See* Joint Status Ltr., June 8, 2018, D.E. 169, p. 2. As a result, Defendants argue that there are no material issues of fact concerning non-infringement, leaving only the issue of prosecution history estoppel to be decided, which is a threshold legal issue. Therefore, Defendants argue, judicial economy weighs in favor of granting Defendants leave to file a motion for summary judgment of non-infringement of the '427 patent.

[3] For example, with regard to issues of infringement on the '427 patent, Defendants allege that Celgene is estopped from asserting infringement because it narrowed its claims during prosecution. Specifically, Defendants argue that Celgene "distinguished all prior art dosage forms of pomalidomide with different amounts of the recited ingredients, or different ingredients altogether." *See* Joint Status Ltr., June 28, 2018, D.E. 169, p. 4. Celgene, on the other hand, argues that it disclaimed "only amounts of binder and filler that did not fall within the claimed ratio of mannitol to starch[.]" *Id.* at p. 10. Celgene argues that this distinction relates to the question of the scope of prosecution history estoppel, if any, and is an issue of material fact. The Court agrees. The question of whether Celgene's remark in response to an office action during prosecution referring to "amount levels" of binder and filler refers to ratios of binder to filler, or to specific amounts of each ingredient, is potentially an issue of disputed fact that requires further factual and expert discovery.

[4] Summary judgment in this matter is clearly premature and an inefficient use of judicial resources. There remain open questions of fact, the possibility of summary judgment on other issues, and substantial remaining discovery. This case presents myriad unresolved issues of fact that require additional discovery. Further, there is a substantial possibility that parties will seek summary judgment on other matters upon the completion of discovery. Accordingly, the Court

**IT IS ON THIS 12th day of June 2018,**

**ORDERED** that Defendants' request to file a motion for summary judgment of non-infringement is **DENIED** without prejudice.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

---

does not find that partial summary judgment motion practice at this time would appreciably narrow the issues of promote the efficient adjudication of this matter.